UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATCH OF LAND LENDING, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SARANNA HOLDINGS, LIMITED LIABILITY COMPANY, a New Jersey limited liability company; SAJJAD A. KHAN, aka FAJJAD A. KHAN, aka SAAJAD KHAN, aka SAJJAD KHAN, aka SAJJAD A. KHAN, aka SAJJAD AHSAN KHAN, aka SAJJAD R. KHAN, aka SAJJAD KHANAM, aka KHAN SAJJAD; TTLBL, LLC; UNKNOWN OWNERS; NON-RECORD LIEN CLAIMANTS; and "JOHN DOE", "JANE DOE" and "DOE CORP." of 71.5 VIRGINIA AVENUE, JERSEY CITY, NEW JERSEY 07304.<br><br>*Defendants*. | Civil Action No. 17-0944<br><br>OPINION |

**ARLEO,** UNITED STATES DISTRICT JUDGE

**THIS MATTER** comes before the Court on Plaintiff Patch of Land Lending, LLC's ("POL Lending" or "Plaintiff") motion for default judgment against Defendants Saranna Holdings, Limited Liability Company, and Sajjad A. Khan aka Fajjad A. Khan, aka Saajad Khan, aka Sajjad Khan, aka Sajjad A. Khan, aka Sajjad Ahsan Khan, aka Sajjad R. Khan, aka Sajjad Khanam, aka Khan Sajjad (together, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF Nos. 17, 18. For the reasons set forth herein, the motions are **GRANTED**.

I. BACKGROUND

Plaintiff Patch of Land Lending, LLC ("POL Lending"), is a Delaware limited liability

company composed of a sole member, Patch of Land, Inc. ("POL"), a Delaware corporation. Compl. ¶ 1, ECF No. 1. Defendant Saranna Holdings is a New Jersey limited liability company. Id. ¶ 2. Defendant Sajjad A. Khan is a citizen of New York and the sole member of Saranna Holdings. Id. ¶ 2-3.

On February 4, 2015, Saranna Holdings executed a promissory note (as amended and modified from time to time, the "Note") in the original principal amount of $120,000, plus interest on the unpaid principal balance. Id. ¶ 10. On that same day, Khan executed and delivered to POL a commercial personal guaranty (as amended and modified from time to time, the "Guaranty"). Id. ¶ 11.

Also on February 4, 2015, Saranna Holdings executed and delivered to POL a commercial mortgage (as amended and modified from time to time, the "Mortgage"). Id. ¶ 12. In the Mortgage, Saranna Holdings granted, mortgaged, and conveyed to POL and POL's successors and assigns, with mortgage covenants, its right, title, and interest in and to one parcel of real property known as 71.5 Virginia Avenue, Jersey City, New Jersey 07304 (Hudson County, Block 21102, Lot 40) (the "Mortgaged Property"). Id. ¶ 13. POL subsequently perfected the mortgage. Id. ¶ 14.

Additionally, Saranna Holdings executed and delivered a security agreement to further secure repayment (as amended and modified from time to time, the "Security Agreement"). Id. ¶ 15. In the Security Agreement, Saranna Holdings granted and pledged to POL and POL's successors and assigns a continuing senior security interest in, a continuing first lien upon, an unqualified right to possession and disposition of, and a right of set-off against all of its right, title, and interest in and to certain personal property including Saranna Holding's "assets . . . personal property . . . and all furniture, fixtures, and equipment" at 71.5 Virginia Avenue, Jersey City, New

2

Jersey 07304 (individually and collectively, the "Personal Property"). Id. ¶ 15. POL perfected the Security agreement. Id. ¶ 17-19. On September 16, 2015, Saranna Holdings executed a modification of mortgage and security agreement with assignment of rents and leases in favor of POL ("Modification of Mortgage"). Id. ¶ 20. POL perfected the Modification to Mortgage. Id. 20-21.

POL performed all of the conditions precedent required under the Note, the Guaranty, the Mortgage (as amended and modified by the Modification of Mortgage), and the Security Agreement up to December 7, 2016. Id. ¶ 22. On December 7 2016, POL transferred and assigned the Note, the Guaranty, the Mortgage (as amended and modified by the Modification of Mortgage), and the Security Agreement to Plaintiff POL Lending. Id. ¶ 22-27. Plaintiff performed all the conditions precedent required under the Note, the Guaranty, the Mortgage, and the Security Agreement since December 7, 2016. Id. ¶ 30.

Saranna Holdings failed to pay any installment or other sum due under the Note when due and payable. Id. ¶ 35. On November 15, 2016, Plaintiff mailed a written notice of default to Saranna Holdings and provided Saranna Holdings with a cure period of ten days. Id. ¶ 37. Saranna Holdings failed to cure the default. Id. ¶ 38. Also on November 15 2016, POL Lending mailed a written notice of default to Khan informing him of the events of default and providing him with a cure period of ten days, but Khan failed to cure the default. Id. ¶ 42-43.

On February 13, 2017, Plaintiff filed a Complaint asserting four counts: (1) Breach of Cognovit Promissory Note, (2) Breach of Personal Guaranty, (3) Foreclosure of Mortgage and Security Agreement with Assignment of Rents and Leases, and (4) Foreclosure of Security Agreement. Id. ¶¶ 33-39, 45-54. Pursuant to Count Two of the Complaint, POL Lending seeks to

enforce the terms and conditions of the Guaranty and to recover in personam damages against Defendant Khan. Id. ¶¶ 40-44.

Defendant Khan was served with the Summons and Complaint both individually and as managing member and authorized agent of Saranna Holdings by personal service on April 3, 2017 at 5033 97th Street, Floor 3, Corona, New York 11368. ECF Nos. 6, 7. Defendants were required to file an appearance and answer or otherwise plead to the Complaint within twenty-one days after service, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i). On April 26, 2017, Plaintiff filed a request for entry of default by the Clerk of Court as to Defendants, pursuant to Fed. R. Civ. P. 55(a). ECF Nos. 12, 13. On April 26, 2017, the Clerk of Court entered default against Defendants. ECF Nos. 14, 15. As of the filing of the instant motion, neither Defendant has appeared in this case, filed an answer, or otherwise pled to the Complaint.

Plaintiff seeks the following relief: upon Count One, judgment against Saranna Holdings in the total sum of $139,478.62, plus non-default interest, default interest, additional late charges, costs and collection expenses, and all other amounts recoverable; upon Count Two, judgment against Khan for the previously listed amounts; upon Count Three, judgment and decree of mortgage foreclosure against Saranna Holdings (1) foreclosing the Mortgage executed by Saranna Holdings, as relates to the Mortgaged Property, (2) foreclosing the equity of redemption, (3) adjudging the Property to be sold pursuant to 28 U.S.C. § 2001, et seq., and Order(s) to satisfy the total amount due, and (4) fixing the amount due under the Mortgage at the previously listed amount and any other amounts recoverable under the Mortgage; and upon Count Four, judgment and decree of foreclosure (1) foreclosing the Security Agreement, (2) foreclosing any right of redemption, (3) adjudging the Personal Property to be sold and Order(s) to satisfy the total amount due under the Security Agreement, and fixing the amount due under the Security Agreement for

the previously listed amounts and any other amounts recoverable under the Security Agreement. Compl. ¶¶ 33-54.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Saranna Holdings and Khan. This Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Delaware with a principal place

of business in California and Defendants are citizens of New York and the amount in controversy exceeds $75,000. Compl. ¶ 8. The Court has personal jurisdiction over the Defendants because a substantial portion of events giving rise to the claims occurred within New Jersey and the property at issue is located at 71.5 Virginia Avenue, Jersey City, New Jersey 07304. Id. ¶ 9. Defendants were properly served on April 3, 2017. ECF Nos. 5, 6.

**B. Liability**

As Defendants have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well-pled allegations as to liability. Comdyne I, 908 F.2d at 1149. The Court is satisfied that Plaintiff had adequately pled claims against Saranna Holdings for breach of the Note and against Khan for breach of the Guaranty.

Plaintiff has alleged that: (1) POL and Saranna Holdings executed the Note in which Saranna Holdings promised to repay Plaintiff $120,000, plus interest, see Compl. ¶ 34; Ex. A; (2) POL and Khan executed the Guaranty in which Khan promised to guarantee Saranna Holding's repayment of the Note; see Compl. ¶11, Ex. B; (3) Saranna Holdings breached the Note by failing to make any required principal or interest payments, see Compl. ¶¶ 35-36; (4) Khan breached the Guaranty when he failed to fulfill Saranna Holding's obligations under the Note, see id. ¶¶ 42-43, Ex. A, B; and (5) that both breaches constitute events of default under the Note, Guaranty, Mortgage, and Security Agreement, see id. ¶¶ 35-36, 42-43, 48, 51, Ex. A-D. Plaintiff has sufficiently alleged breach of the Note by Saranna Holdings and of the Guaranty by Khan.

In a foreclosure action in New Jersey, "'[t]he only material issues . . . are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises.'" Wells Fargo Bank v. Zelaya, No. 11-6807, 2012 WL 1079554 (D.N.J.) (quoting Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993)). Under Article III of the Uniform Commercial Code and New Jersey law, the mortgagee has the right to enforce the Note and related

agreements if it is the holder of the negotiable instrument. See Bank of America, N.A. v. Princeton Park Associates, LLC, 2012 WL 5439006 (N.J. App. Div. 2012) (citing N.J.S.A. 12A:3-301).

Plaintiff has alleged that: (1) POL and Saranna Holdings executed the Mortgage which stipulated that Saranna Holdings would transfer its title to and interest in the property located at 71.5 Virginia Avenue, Jersey City, New Jersey 07304 in the event of default on the Note, and POL later perfected that Mortgage, see Compl. ¶¶ 12-14, 46-49; (2) POL and Saranna Holdings executed the Security Agreement which stipulated that KT NY Group would grant a senior security interest and an unqualified right to possession and dispossession in the collateral located at 71.5 Virginia Avenue, Jersey City, New Jersey 07304 in the event of default on the Note, and POL later perfected that Security Agreement, see Compl. ¶¶ 15-19, 49-54; and (3) Plaintiff POL Lending is the holder of the Note, the Guaranty, the Mortgage, and the Security Agreement, and it has perfected the various documents. Compl. ¶ 23-29. Plaintiff has sufficiently alleged the validity of the Mortgage and Security Agreement, the amount of payment due on the Note, and that Plaintiff is entitled to enforce the Note, Guaranty, Mortgage, and Security Agreement as it is the holder of the four agreements.

**C. Appropriateness of Default Judgment**

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendants do not have a meritorious defense. See U.S. Small Business Admin. v. Silver Creek Const. LLC, 2014 WL 3920489 (D.N.J.), at *5. Second, the Court finds that POL will suffer prejudice absent entry of default judgment as POL will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the

7

Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See id.; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

POL has requested a default judgment in the amount of $139,478.62. Fritton Aff. ¶ 41, Ex. F. This amount is calculated as of April 30, 2017 and consists of the unpaid principal of $119,872.06, accrued and unpaid interest in the amount of $9,509.85, and unpaid charges in the sum of $4,392.50, other fees in the sum of $5,426.00, and the reserve balance in the sum of $278.21. Id. POL also seeks non-default interest at the rate of 14% per year, which amounts to a per diem of $79.91, from May 1, 2017. Id. POL has provided the Court with sufficient proof of these amounts. Id.

Based on the foregoing, judgment shall be entered against Saranna Holdings and Khan, jointly and severally, for $139,478.62 plus $79.91 per day until the date of full repayment. The Mortgaged Property and the Personal Property are to be sold with the proceeds paid to Plaintiff Patch of Land Lending, LLC until the debt is fully repaid. If the sale amount exceeds the amount of the debt, the excess shall be returned to Defendants. Defendants are responsible for any debt remaining after the sale of the property.

## IV. CONCLUSION

For the reasons set forth herein, POL's motions for default judgment, ECF. Nos. 17 and 18, are **GRANTED**. An appropriate Order accompanies this Opinion.

**Dated: December 21, 2017**

                                              */s Madeline Cox Arleo*
                                              **Hon. Madeline Cox Arleo**
                                              **United States District Judge**